UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

S. G., a minor under 18 years )
of age through his parents and next friends, )
JIM GAINES and NICOLE GAINES, )
       and )
T.T. , a minor under 18 years of age )
through his parents and next friends, )
JOHNNY D. GAINES )
     )
    *Plaintiffs*, )
     )
v. ) Case No. 1-09-cv-83
     ) *Judge William B. Mitchell Carter*
CBL & ASSOCIATES MANAGEMENT, INC. )
and ERMC , II, LP )
     )
    *Defendant*s. )

MEMORANDUM and ORDER

I. Introduction

    The following motions are pending in this action: Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. 35], Plaintiffs' First Motion to Amend Complaint [Doc. 39], Plaintiffs' First Motion to Amend the Scheduling Order [Doc. 40], Defendants' "Motion to Hold in Abeyance the Court's Hearing And/or Ruling on Plaintiffs' First Motion to Amend Complaint and First Motion to Amend Scheduling Order and for Expedited Hearing/Ruling on Defendants' Motion to Dismiss" [Doc. 43], and Defendants' Motion to Modify Scheduling Order and For New Trial Date [Doc. 44]. For the reasons stated herein, Defendants' Motion to Dismiss [Doc. 35] is GRANTED, Plaintiffs' First Motion to Amend [Doc. 39] is DENIED, and the remaining motions [Docs. 40. 43, & 44] are DENIED as moot.

## II. Background

Plaintiffs bring this action on the basis of an incident which occurred at the Hamilton Place Mall in Hamilton County, Tennessee on December 20, 2008 in the evening hours. Plaintiffs allege the following: Defendant CBL & Associates Management, Inc., (CBL) owns and manages Hamilton Place Mall (the Mall). Defendant ERMC II, LP (ERMC) provides security officers to patrol inside and outside the Mall. S.G. and T.T., both minor children, went to the Mall on the evening of December 20, 2008. The weather outside was wet and cold, and neither S.G. nor T.T. was dressed for an extended stay outside. Plaintiffs were inside the Mall near a store called The Footlocker when they were approached by a white security officer who asked them for identification. The guard gave them a brochure and told them they had to leave and to call their parents. The guard ordered them to leave through the Piccadilly Cafeteria exit/entrance where they waited in the cold and rain for their ride. They attempted to seek shelter in the foyer of another store connected to the Mall, but another security guard approached them and ordered them to return to the unsheltered Piccadilly Cafeteria exit/entrance outside in the rain where they had to wait forty minutes for their ride. ERMC later told S.G.'s and T.T.'s parents and guardian that it was CBL's policy to require juveniles unaccompanied by an adult to leave the Mall. Plaintiffs further allege that CBL and ERMC enforce this policy mostly on young black males and that a female juvenile named Lexie was in the Mall and not required to leave. According to Plaintiffs, CBL's policy is a tool to discriminate intentionally against African-Americans and "was targeted to prevent young black males from using the Mall as a gathering place." (Amended Complaint ¶ 25, Doc. 3).

Plaintiffs have brought a claim against the Defendants alleging racial discrimination in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.* Plaintiffs also bring state law claims of battery and assault against the Defendants.

### III. Analysis

#### A. Subject Matter Jurisdiction

Defendants move to dismiss this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).[1] " In response to a Rule 12(b)(1) motion, the plaintiff bears the burden of proving jurisdiction and a court is empowered to resolve factual disputes when subject matter jurisdiction is challenged." *E,E.O.C. v. FPM Group, Ltd.*, 657 F. Supp.2d 957, 961 (E.D. Tenn. 2009) (citing *Hollins v. Methodist Healthcare, Inc.*, 474 F.3d 223, 224 (6th Cir.2007)).

Title II of the Civil Rights Act of 1964 (Title II), 42 U.S.C. § 2000a, prohibits discrimination on the basis of race, color, religion or national origin in places of public accommodation.[2] Title II authorizes a civil action for preventative relief, including a permanent or temporary injunction, to prohibit such discrimination in a place of public accommodation. 42

---

[1] While Defendants have moved to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), this is technically the incorrect rule under which to proceed. Defenses raised by motion pursuant to Rule 12(b) "must be made before pleading if a responsive pleading is allowed." Rule 12(b). In the instant case, Defendants had already filed an answer to the amended complaint. However, lack of subject matter jurisdiction can be raised pursuant to Rule 12(c) after filing a responsive pleading. *In re Kohl*, 397 B.R. 840, 843 (Bkrtcy. N.D. Ohio, 2008). *See also*, Fed. R. Civ. P. 12(h)(3)("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

[2] 42 U.S.C. § 2000a(a) provides:
All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

3

U.S.C. § 2000a-3(a). However, if the state where the alleged act occurred has a state or local law prohibiting discrimination in a place of public accommodation and if the state has established or authorized a state or local authority to grant relief for such discrimination, then "no civil action may be brought under [42 U.S.C. § 2000a-3(a)] before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person..." 42 U.S.C. § 2000a-3(c). In other words, if the state has a law prohibiting racial discrimination in a place of public accommodation and a state or local authority exists which can address such discrimination, then no action can be brought under Title II until a written complaint has been filed with that authority and at least thirty days from the filing of the complaint have expired. *See Watson v. Fraternal Order of Eagles,* 915 F.2d 235, 242 (6th Cir. 1990); *Stearnes v. Baur's Opera House, Inc.*, 3 F.3d 1142 (7th Cir. 1993); *Harris v. Ericson*, 457 F.2d 765 (10th Cir.1972); *White v. Denny's*, 918 F.Supp. 1418 (D.Co.1996). This requirement to notify the proper state or local authority, where one exists, is jurisdictional in nature. *Stearnes*, 3 F.3d at 1144; *Biello v. Kum & Go, LLC*, 374 F.3d 656, 659 (8th Cir. 2004); *Ericson*, 457 F.2d at 766; *Hollis v. Rosa Mexicano DC, LLC*, 582 F.Supp.2d 22, 24-5 (D.D.C. 2009); *Halton v. Great Clips, Inc.*, 94 F. Supp.2d 856, 860 (N.D. Ohio 2000).

Plaintiffs argue, however, that pursuant to Section 2000a-6(a), they are not required to exhaust their administrative remedies before bringing a public accommodation discrimination claim under Title II. Section 2000a-6(a) provides, "[t]he district courts of the United States shall have jurisdiction of proceedings instituted pursuant to this subchapter and shall exercise the same without regard to whether the aggrieved party shall have exhausted any administrative or other remedies that may be provided by law."

4

Plaintiffs are correct that, pursuant to Section 2000a-6(a), they are not required to *exhaust* their administrative remedies before bringing an action under Title II for discrimination in a place of public accommodation. Section 2000a-6(a) does not, however, negate the notification requirement of Section 2000a-3(c); these sections "can be read in harmony by giving each its natural meaning." *Ericson,* 457 F.2d at 766. While a plaintiff must *notify* the proper state or local authority in writing of the alleged discrimination and then wait thirty days to give the authority the opportunity to resolve the problem, after thirty days, the plaintiff may file an action; the plaintiff need not wait until local or state remedies have been exhausted. *Id.* at 766-67.

Tennessee prohibits discrimination on the basis of race in places of public accommodation. Tenn. Code. Ann. § 4-21-501.[3] The Tennessee Human Rights Commission has the authority to "receive, initiate, investigate, seek to conciliate, hold hearings on and pass upon complaints" alleging violations of the Tennessee Human Rights Act. Tenn. Code. Ann. § 4-21-202(9). A complaint must be filed within 180 days after the commission of the alleged discriminatory practice. Tenn. Code. Ann. § 4-21-302(c). There is no dispute between Plaintiffs and Defendants that Plaintiffs did not file a written complaint alleging discrimination in a place of public accommodation arising from the December 20, 2008 incident, and it is now too late to file such a complaint. Thus, their instant claim brought under Title II is barred and cannot provide a basis for subject matter jurisdiction for this Court over this action. Plaintiffs move to

---

[3]Tenn. Code. Ann. § 4-21-501 provides:
Except as otherwise provided in this chapter, it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of a place of public accommodation, resort or amusement, as defined in this chapter, on the grounds of race, creed, color, religion, sex, age or national origin.

amend their complaint to add a claim under 42 U.S.C. § 1981. If allowed, this claim would provide a basis for subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

B. Plaintiffs' Motion to Amend Their Complaint

Plaintiffs moved to amend their complaint on January 5, 2010, fifteen days after the December 22, 2009 deadline to amend the pleadings expired. Defendants argue the motion should be denied because (1) Plaintiffs do not have good cause for bringing the motion after the deadline to amend expired and (2) this Court lacks subject matter jurisdiction over this action and cannot therefore grant a motion to amend.

A plaintiff bears the burden of pleading sufficient facts to show the basis for the Court's jurisdiction. Fed. R. Civ. P. 8(a) (1). Pursuant to 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." In an instance such as this one where the original basis for the court's subject matter jurisdiction is found to be improper, the plaintiff may amend to allege another basis for subject matter jurisdiction provided the facts which support the alternative basis for subject matter jurisdiction are already pled in the current complaint. *See Blanchard v. Terry & Wright, Inc.*, 331 F.2d 467, 468-69 (6th Cir. 1964). A party may not add to a complaint new facts necessary to subject matter jurisdiction in order to avoid dismissal on the basis of lack of subject matter jurisdiction. *Newman-Green, Inc. v. Alfonzo-Larrin*, 490 U.S. 826, 831 (1989) (28 U.S.C. § 1653 "addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves"); *accord, Pressroom Unions-Printers League Income Sec. Fund v. Continental Assurance Co.*, 700 F.2d 889, 893-94 (2d Cir. 1983) (Section 1653 does not allow a plaintiff without statutory standing to amend its complaint to add a party with standing); *Advani Enterprises, Inc. v.*

6

*Underwriters at Lloyds*, 140 F.3d 157 (2d Cir. 1998) ("[S]ection 1653, even liberally construed, does not allow a plaintiff to amend its complaint to substitute a new cause of action over which there is subject-matter jurisdiction for one in which there is not.").

Plaintiffs seek to amend their complaint to add a claim under 42 U.S.C. § 1981 for racial discrimination in the making and enforcing of contracts. To state a claim under Section 1981, absent direct evidence of racial discrimination, a plaintiff must allege: (1) he belonged to a protected class, (2) he sought to make a contract for services ordinarily provided by the defendant, (3) he was denied the right to enter into a contract for such services while similarly situated persons outside the protected class were not or that he was treated in such a hostile manner that a reasonable person would find it objectively discriminatory. *Keck v. Graham Hotel Systems, Inc.*, 566 F.3d 634, 639 (6th Cir. 2009); *Christian v. Wal-Mart Stores, Inc.,* 252 F.3d 862, 872 (6th Cir. 2001).

Plaintiffs' current complaint[4] does not allege Plaintiffs went to the Mall for the purpose of making any type of purchase. In fact, the current complaint does not state why the Plaintiffs went to the Mall. The complaint does allege that CBL's policy was established "to prevent young black males from using the Mall as a gathering place." (Amended Complaint ¶ 25, Doc. 3). This allegation coupled with the absence of any other explanation about why the Plaintiffs were at the Mall leads to the reasonable conclusion that Plaintiffs were there simply to gather, not to make a purchase, *i.e.*, to enter into a contract. Thus the complaint as it presently stands does not allege sufficient facts to support a Section 1981 claim, a claim which would, of course, provide this Court subject matter jurisdiction pursuant to 28 U.S.C. §1331. Plaintiffs currently seek to amend

---

[4]Plaintiffs filed their original complaint on April 2, 2009 and, before Defendants answered, Plaintiffs filed an "amended complaint" on April 22, 2009.

their complaint to add the allegation that "Plaintiffs intended to enter into purchased [sic] of the goods and services of the various vendors within the mall." (Proposed Second Amended Complaint ¶ 11(b), attached to Motion to Amend, Doc. 39).

Since the asserted basis in the current complaint for subject matter jurisdiction is improper and since the current complaint lacks the factual allegations necessary to support a Section 1981 claim which would in turn establish federal question subject matter jurisdiction under 28 U.S.C. § 1331, then Plaintiffs are prohibited from trying to establish subject matter jurisdiction retroactively by adding new factual allegations to the complaint.

In reaching this conclusion, there is one more argument raised by the Plaintiffs which should be addressed. Plaintiffs argue that their motion to amend to add the Section 1981 claim should relate back to the filing of the original complaint pursuant to Fed. R. Civ. P. 15(c) thereby imbuing the action from its inception with proper subject matter jurisdiction. Had Plaintiffs set forth the facts necessary to state a Section 1981 claim, even though Plaintiffs did not specifically mention a Section 1981 claim, they would be permitted to amend and the amendment would relate back to the original complaint pursuant to Fed. R. Civ. P. 15(c). But Plaintiffs did not and the amendment does not, for the reasons previously discussed. *See Newman-Green, Inc. v. Alfonzo-Larrin*, 490 U.S. 826, 831 (1989); *Blanchard v. Terry & Wright, Inc.*, 331 F.2d 467, 468-69 (6th Cir. 1964).

Plaintiffs' motion to amend is also denied on an independent ground pursuant to Fed. R. Civ. P. 16(b). Rule 16 provides the court shall enter a scheduling order that, *inter alia*, limits the time to join other parties and amend the pleadings.[5] Rule 16(b); *Leary v. Daeschner*, 349 F.3d

---

[5] Rule 16(b) states in relevant part:

888, 906 (6th Cir. 2003). "The Rule is designed that at some point both the parties and the pleadings shall be fixed, [and] [t]he Rule permits modification of the scheduling order upon a showing of good cause and by leave of the district judge." *Id.* (internal citation omitted); *see also* Rule 16(b). Good cause exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Committee Notes (1983). Where a party moves to amend the pleadings after the deadline established by the Scheduling Order, that party must show good cause to allow the amendment. Rule 16(b); *Leary*, 349 F.3d at 906; *Gardner v. Wayne County*, 2007 WL 2325065 *2 (E.D. Mich. Aug. 15, 2007); *Kaylor v. Radde*, 2005 WL 282851 * 2 (N.D. Ohio Mar. 4, 2005). Plaintiffs have not shown good cause to amend to add the allegation they went to the Mall to shop. As Defendants argue, Plaintiffs surely knew at the time they filed their original complaint that they went to the Mall to shop, and Plaintiffs have offered no explanation amounting to good cause as to why they waited until the deadline to amend expired before moving to add this allegation.

In sum, because the Court lacks subject matter jurisdiction to allow Plaintiffs to amend their complaint to add a new basis for subject matter jurisdiction and because they have not

---

> the district judge ... shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order that limits the time
> (1) to join other parties and to amend the pleadings....
>
>       \*      \*      \*
>
> A schedule shall not be modified except upon a showing of good cause and by leave of the district judge....

shown good cause for moving to amend after the deadline to do so expired, Plaintiffs' motion to amend must be denied.

### C. Plaintiffs' State Law Claims

The question of what happens to the Plaintiffs' state law claims remains. "[W]hen a court lacks subject-matter jurisdiction over a claim, it must immediately dismiss not just that claim but any pendent state-law claims as well-no matter how late in the case the district or appellate court identifies the jurisdictional defect." *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1007 (6th Cir. 2009) (citing *Arbough v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Accordingly, Plaintiffs' state law claims for battery and assault will be dismissed without prejudice.

### IV. Conclusion

For the reasons stated herein, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. 35] is GRANTED, Plaintiffs' First Motion to Amend Complaint [Doc. 39] is DENIED; and Plaintiffs' First Motion to Amend the Scheduling Order [Doc. 40], Defendants' "Motion to Hold in Abeyance the Court's Hearing And/or Ruling on Plaintiffs' First Motion to Amend Complaint and First Motion to Amend Scheduling Order and for Expedited Hearing/Ruling on Defendants' Motion to Dismiss" [Doc. 43], and Defendants' "Motion to Modify Scheduling Order and For New Trial Date [Doc. 44] are DENIED as moot. Plaintiffs' state law claims for battery and assault will be dismissed without prejudice.

A separate judgment shall enter.

SO ORDERED.

Dated: February 25, 2010          *s/William B. Mitchell Carter*
                                   UNITED STATES MAGISTRATE JUDGE